UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA FORT PIERCE DIVISION

ROLAND W. GRADY and
ACCESS NOW, INC.

    Plaintiffs,

vs.

    CASE NO. **03-14062**

FLORIDA GAMING CENTERS, INC, a
Florida corporation.

    Defendant.

_____/

## COMPLAINT

Plaintiffs, ROLAND W. GRADY and ACCESS NOW, INC. ("Plaintiffs"), through their undersigned counsel, hereby file this Complaint and sue FLORIDA GAMING CENTERS, INC., a Florida corporation for injunctive relief, damages, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief as well as damages pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA") and Florida Law. This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 343.

2.    Venue is proper in this Court, Fort Pierce Division pursuant to 28 U.S.C. § 1391 (B) and Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, ROLAND W. GRADY (hereinafter referred to as "MR. GRADY" is a resident of the State of Florida and is a qualified individual with a disability under the ADA. MR. GRADY suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations. Prior to instituting the instant action, MR. GRADY visited the Defendant's premises, the Ft. Pierce Jai Alai Fronton located at 1750 South Kings Highway, Ft. Pierce, Florida (the "FRONTON"), both personally and on behalf of ACCESS NOW, INC. and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to its lack of compliance with the ADA. MR. GRADY continues to desire to visit the FRONTON but continues to be denied full and safe access due to the barriers to access which continue to exist.

4. Plaintiff ACCESS NOW, INC. (hereinafter referred to as "ACCESS NOW") is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"), of which MR. GRADY is a member. The Association's members consist of both qualified individuals with disabilities (including, but not limited to, mobility impaired, hearing impaired and sight impaired) under and as defined by the ADA and the able-bodied. ACCESS NOW is engaged, inter alia, in seeking compliance with the ADA, educational efforts to correct violations when found, and when necessary and appropriate, litigation to require persons and entities in violation of the ADA to comply with the Act. One of the FLORIDA GAMINGry purposes of the Association is to represent its members to assure that public spaces and commercial premises are accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. The Association and its members, including but not limited to MR. GRADY, have

suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein. Prior to the filing of this lawsuit, members of ACCESS NOW visited the Defendant's premises and were unable to fully, safely and equally do so due to the Defendant's lack of compliance with the ADA. ACCESS NOW and its members, including, but not limited to MR. GRADY, continue to be discriminated against due to the Defendant's continued lack of compliance and their continued desire to visit the Defendant's premises. The Association also has been discriminated against because of its association with its members and their claims.

5. The Defendant, FLORIDA GAMING CENTERS, INC., ("FLORIDA GAMING") is a Florida corporation registered to do business in the State of Florida. Upon information and belief, FLORIDA GAMING is the owner, lessee and/or operator of the real property and improvements which is the subject of this action, to wit: the FRONTON.

6. All events giving rise to this lawsuit occurred in the Southern District of Florida, Indian River County, Florida.

7. Although not required by the ADA, prior to the filing of this lawsuit, Plaintiff, MR. GRADY, provided written notice to the Defendant regarding its violations of the ADA and asked to be contacted regarding a resolution of these issues. To date, MR. GRADY has not received any response to this written notice.

### COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiffs reallege and reaver paragraphs 1-7 as is they were expressly restated herein.

9. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of

the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508 (A).

10.   Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the FRONTON owned by FLORIDA GAMING is a place of public accommodation in that it is a FRONTON which provides goods and services to the public.

11.   Defendant, FLORIDA GAMING, has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the FRONTON in derogation of 42 U.S.C. § 12101 et. seq.

12.   The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the FRONTON owner and operated by FLORIDA GAMING. Prior to the filing of this lawsuit, Plaintiffs visited the FRONTON and were denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiffs continue to desire to visit the FRONTON operated by FLORIDA GAMING, but continue to be injured in that they are unable to and continue to be discriminated against due to the architectural barriers which remain at the FRONTON owned and operated by FLORIDA GAMING, in violation of the ADA. MR. GRADY and other members of ACCESS NOW, INC. have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

13.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

14. FLORIDA GAMING is in violation of 42 U.S.C. § 12181 et.seq. and 28 C.F.R. § 36.302 et.seq. and is discriminating against the Plaintiffs due to FLORIDA GAMING's failure to provide, *inter alia,* accessible parking, accessible routes, accessible paths of travel, accessible seating, accessible betting counters, accessible betting positions, accessible betting machines, accessible drinking fountains, accessible telephones, accessible elevators, accessible restaurants, accessible counters, accessible exits, accessible toilet rooms, toilet stalls, urinals, lavatories and operating controls, accessible entrances, an accessible emergency alarm system and accessible doors.

15. There are other current violations of the ADA at the FRONTON owned and operated by FLORIDA GAMING and only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Pursuant to the ADA, 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.304, FLORIDA GAMING was required to make its FRONTON, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, FLORIDA GAMING has failed to comply with this mandate.

18. The Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have its reasonable attorney's fees, costs and expenses paid by FLORIDA GAMING pursuant to 42 U.S.C. § 12205.

19. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an Order to alter the subject facilities to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against FLORIDA GAMING and request the following injunctive and declaratory relief:

    A.    That the Court declare that the properties owned and administered by FLORIDA GAMING are violative of the ADA;

    B.    That the Court enter an Order directing FLORIDA GAMING to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing FLORIDA GAMING to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow FLORIDA GAMING to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF FLORIDA BUILDING CODE

20.    Plaintiffs reallege and reaver Paragraphs 1-7 contained herein.

21.    In 1993, the Florida legislature enacted the Florida Americans With Disability Accessibility Implementation Act. The purpose and intent of this Act (Sections 553.501-553.573, Florida Statutes, "FACBC") was to incorporate into the laws of Florida the accessibility requirements of the Americans With Disabilities Act of 1990, while at the same time to maintain those provisions of Florida law that are more stringent than the ADAAG, that is, those provisions which are more favorable to the disabled.

22. Pursuant to Florida Statute 553.503, the FRONTON owned by FLORIDA GAMING is a place of public accommodation which provides goods and services to the public.

20. Florida Statute 553.73(b) incorporates the FACBC into the Florida Building Code.

21. Pursuant to Florida Statute 553.94, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation... .

22. FLORIDA GAMING has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, and the Plaintiffs have been damaged, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the FRONTON in derogation of Florida Statutes 553.501 et. seq.

23. The Plaintiffs have been damaged and been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the FRONTON. Prior to filing of this lawsuit, Plaintiffs visited the FRONTON and were denied access to the benefits, accommodations and services of the Defendant's goods and services and therefore suffered an injury in fact. In addition, Plaintiffs continue to be damaged in that they desire to visit the FRONTON, but continue to be injured in that they are unable to and continue to be discriminated against due to the architectural barriers which remain at the FRONTON in violation of the ADA.

FLORIDA GAMING is in violation of the Florida Accessibility Code and the Florida Building Code and is discriminating against the Plaintiffs due to FLORIDA GAMING's failure to provide, *inter alia,* accessible parking, accessible routes, accessible paths of travel, accessible seating, accessible betting counters, accessible betting positions, accessible betting machines,

accessible drinking fountains, accessible telephones, accessible elevators, accessible restaurants, accessible counters, accessible exits, accessible toilet rooms, toilet stalls, urinals, lavatories and operating controls, accessible entrances, an accessible emergency alarm system and accessible doors.

25. Upon information and belief, there are other current violations of the FACBC and Florida Building Code at the FRONTON and only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

26. To date, the readily achievable barriers and other violations of the FACBC and Florida Building Code still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the FACBC and the Florida Building Code.

27. Pursuant to the Florida Accessibility Code and the Florida Building Code, FLORIDA GAMING was required to make their FRONTON, a place of public accommodation, accessible to persons with disabilities. To date, FLORIDA GAMING has failed to comply with this mandate.

28. The Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have its reasonable attorney's fees, costs and expenses paid by FLORIDA GAMING.

29. Pursuant to the Florida Statutes, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against FLORIDA GAMING and request the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by FLORIDA GAMING is violative of the FACBC and the Florida Building Code;

B. That the Court enter an Order directing FLORIDA GAMING, to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by the FACBC and Florida Building Code;

C. That the Court enter an Order directing FLORIDA GAMING, to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow FLORIDA GAMING to undertake and complete corrective procedures;

D. That the Court award damages, reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT III - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT FLORIDA STATUTE SECTIONS 413.08 AND 760.07

30. Plaintiffs reallege and reaver Paragraphs 1-7 contained herein.

31. Florida Statute 413.08 (1)(a) provides as follows:

> *The deaf, hard of hearing, blind, visually handicapped, and otherwise physically disabled are entitled to full and equal accommodations, advantages, facilities, and privileges on all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, and other public conveyances or modes of transportation and at hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law and applicable alike to all persons. Nothing in this section shall require any person, firm, or corporation, or any agent thereof, to modify or provide any vehicle, premises, facility, or service to a higher degree of*

> ***accommodation than is required for a person not so disabled.***
> ***(Emphasis ours)***

32. Florida Statute 413.08(2), provides as follows:

> Any person, firm, or corporation, or the agent of any person, firm, or corporation, who denies or interferes with admittance to, or enjoyment of, the public facilities enumerated in subsection (1) or otherwise interferes with the rights of a deaf person, hard of hearing person, a totally or partially blind person, or an otherwise physically disabled person under this section, or the trainer of a dog guide or service dog while engaged in the training of such dog pursuant to subsection (7), is guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.

33. Such discrimination encompassed in section 413.08, is actionable civilly under Florida Statute section 760.07.

34. Courts construe the Florida Civil Rights Act in conformity with the federal Americans with Disabilities Act and apply federal case law when dealing with such claims.

35. Plaintiffs have retained the services of Schwartz Zweben & Associates, L.L.P. and have agreed to pay them a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred in this action, Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to Florida Statute § 760.11(5).

36. Pursuant to Florida Statute § 760.11(5), the court may issue an order prohibiting the discriminatory practice and provide affirmative relief, such as compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, and punitive damages.

**WHEREFORE**, the Plaintiffs respectfully request the Court issue a permanent injunction enjoining the Defendant from continuing its discriminatory policies and practices, and demand

compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, punitive damages, and an award for Plaintiffs' attorney's fees, costs, and expenses incurred.

### COUNT IV - VIOLATION OF FLORIDA STATUTE SECTION 509.092

37. Plaintiffs reallege and reaver Paragraphs 1-7 contained herein.

38. Defendant's FRONTON is a place of public accommodation which includes public food service establishments pursuant to the definitions in Florida Statute § 509.013.

39. Pursuant to Florida Statute § 509.092, such an establishment may not refuse accommodations due to a customers physical disability, as follows:

> Public lodging establishments and public food service establishments are private enterprises, and the operator has the right to refuse accommodations or service to any person who is objectionable or undesirable to the operator, but such refusal may not be based upon race, creed, color, sex, physical disability, or national origin.
>
> A person aggrieved by a violation of this section or a violation of a rule adopted under this section has a right of action pursuant to s. 760.11.

39. Courts construe the Florida Civil Rights Act in conformity with the federal Americans with Disabilities Act and apply federal case law when dealing with such claims.

40. Plaintiffs have retained the services of Schwartz Zweben & Associates, L.L.P. and have agreed to pay them a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred in this action, Plaintiffs are entitled to recover those attorneys' fees, costs and

expenses from Defendant pursuant to Florida Statute § 760. 11(5).

41.     Pursuant to Florida Statute § 760.11(5), the court may issue an order prohibiting the discriminatory practice and provide affirmative relief, such as compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, and punitive damages.

**WHEREFORE**, the Plaintiffs respectfully request the Court issue a permanent injunction enjoining the Defendant from continuing its discriminatory policies and practices, and demand compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, punitive damages, and an award for Plaintiffs' attorney's fees, costs, and expenses incurred.

Dated this 12 day of February, 2003.

Respectfully submitted,

By: _____
Gregory E. Schwartz, Esquire
Florida Bar No. 095559
Schwartz Zweben & Associates, L.L.P.
Attorneys for Plaintiffs
4651 Sheridan Street, Ste. 355
Hollywood, Florida 33021
Telephone:   (954) 966-2483
Facsimile:    (954) 966-2566

By: _____
Gene R. Zweben, Esq.
Florida Bar No. 88919
Schwartz Zweben & Associates, L.L.P
Attorneys for Plaintiffs
310 West First Street
Stuart, Florida 34994
Telephone:   (772) 223-5454
Fax :         (772) 463-0778

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Roland W. Grady and Access Now, Inc.,

**DEFENDANT**
Florida Gaming Centers, Inc.., a Florida corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Indian River__
(EXCEPT IN U.S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Indian River__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory E. Schwartz., 4651 Sheridan Street, Suite 355 Hollywood, Florida 33021 (954) 966-2483

ATTORNEYS (IF KNOWN)

2:03CV14062 Graham/Lynch

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: Lee

FILED by ___ D.C.
FEB
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 3 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | A **PROPERTY RIGHTS** | ☐ 450 commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | A **LABOR** ☐ 710 Fair Labor Standards Act | B **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | B ☐ 720 Labor/Mgmt Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (505(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 160 Stockholder's Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability | A **CIVIL RIGHTS** | B **PRISONER PETITION** | ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation B ☐ 791 Empl. Ret. Inc. Security Act | A **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions |
| A **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ✓ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights *A or B | | | * A or B |

## VI. CAUSE OF ACTION (PLACE AN x IN ONE BOX ONLY)

✓ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Refiled ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION   DEMAND $   Check YES if demanded in complaint JURY DEMAND: NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)   JUDGE   DOCKET NUMBER

DATE 2/12/03

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY:
Receipt No. 271906
Date Paid: 2/20/03
Amount: $150.00
M/ifp: